**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

WILLIAM GRANT CROOKS,

Petitioner,

v.

JENEAN WALLACE, CEO and
OSTERTAG,

Respondents.

Case No.: 3:20-cv-0407-LAB-RBM

**ORDER DISMISSING FIRST
AMENDED PETITION WITHOUT
PREJUDICE**

On March 2, 2020, Petitioner, a civil detainee proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, in which he appeared to be challenging his continued involuntary commitment to Patton State Hospital, after being found not guilty by reason of insanity in 1982. (*See* Pet., ECF No. 1.) On March 4, 2020, the Court dismissed the case without prejudice because Petitioner failed to satisfy the filing fee requirement, failed to state a cognizable claim and failed to name a proper respondent. (ECF No. 2.) Petitioner was instructed that to have this case reopened he had to (1) either pay the filing fee or provide adequate proof of his inability to pay and (2) file a First Amended Petition, no later than May 8, 2020. (*Id*.) On April 1, 2020, Petitioner paid the $5.00 filing fee and filed a First Amended Petition, pursuant to this Court's Order. (ECF Nos. 3 & 4.)

# FAILURE TO STATE A COGNIZABLE CLAIM

The First Amended Petition must be dismissed because Petitioner has again failed to allege that his civil detention violates the Constitution of the United States. As discussed in this Court's previous Order, Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner or civil detainee must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, to the extent the Court can discern the claims presented in the First Amended Petition, Petitioner appears to allege that his civil commitment is improper because he "never assaulted a brother is [his] life" and "never heard voices or seen visions [sic] in his life." (Am. Pet., ECF No. 3 at 13.) In no way, however, does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Further, the Court notes that Petitioner cannot simply amend his petition to state a federal habeas claim and then refile a second amended petition in this case. He must first exhaust state judicial remedies before bringing his claims via federal habeas. State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34

(1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. *See* 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court judicial remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.* (emphasis added).

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996, a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

/ / /

/ / /

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The Court also notes that the statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** the First Amended Petition without prejudice because Petitioner has failed a cognizable federal claim. To have this case reopened, Petitioner file a Second Amended Petition that cures the pleading deficiencies set forth above **no later than May 16, 2020**.

**IT IS SO ORDERED.**

Dated: April 8, 2020

_____
Larry Alan Burns
United States District Judge